**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PAMELA BOGER,**

                  **Plaintiff,**                  **5:11-cv-748**
                                                  **(GLS)**

                 **v.**

**MICHAEL ASTRUE,** Commissioner of
Social Security,

                  **Defendant.**
_____

**APPEARANCES:**                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Pamela Boger
Pro Se
35A Springbrook Circle
Ithaca, NY 14850

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN    KRISTINA D. COHN
United States Attorney             Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Mary Ann Sloan
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER
## I. Introduction

Plaintiff *pro se* Pamela Boger challenges the Commissioner of Social Security's denial of disability insurance benefits (DIB) and supplemental security income (SSI), seeking judicial review under 42 U.S.C. § 405(g). (*See* Compl., Dkt. No. 1 at 1.)  After reviewing the administrative record, the court affirms the Commissioner's decision and dismisses Boger's complaint.

## II. Background

On September 29, 2008, Boger filed an application for DIB and SSI under the Social Security Act ("Act"), alleging disability since September 26, 2008.  (Tr.[1] at 8, 82.)[2]  After her application was denied, Boger requested a hearing before an Administrative Law Judge (ALJ), which was held on March 19, 2010.  (*See id.* at 20-46.)  On May 17, 2010, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review.  (*See id.* at 1-3, 8-19.)

---

[1] Page references preceded by "Tr." refer to the Administrative Transcript in this case.  (*See* Dkt. No. 11.)

[2] While Boger's application for benefits alleges disability relating to SSI and DIB beginning on September 24 and 25, 2008, respectively, she later amended the onset date to September 26.  (Tr. at 8, 117, 125.)

2

Boger commenced the present action by filing a complaint on July 1, 2011, seeking review of the Commissioner's determination. (*See* Compl.) The Commissioner filed an answer and certified copy of the administrative transcript. (Dkt. Nos. 10, 11.) Boger was instructed to file and serve a brief within forty-five days of the service of the Commissioner's brief. (*See* Dkt. No. 14.) When the Commissioner filed a brief seeking judgment on the pleadings on January 27, 2012, a March 12 deadline was set for Boger's submission. (*See* Dkt. No. 15.) Because March 12 passed without a submission by Boger, she was given a thirty-day extension within which to file her brief or notify the court of her intention not to do so. (*See* Dkt. No. 17.) Despite the extension provided to her, Boger failed to do either.

### III. <u>Standard of Review</u>

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## IV. **Discussion**

While courts in our sister Districts have found failure by a Social Security plaintiff to file a brief on the merits to be sufficient grounds upon which to grant a defendant's motion for judgment on the pleadings, General Order No. 18 instructs against similarly conclusory treatment in this District. *See Miles v. Barnhart*, No. 6:06-CV-391, 2008 WL 5191589, at *4 (N.D.N.Y. 2008) (collecting cases).  In that Order, Social Security plaintiffs are notified that "failure to file a brief . . . will result in the consideration of [their] appeal without the benefit of plaintiff's arguments and may result in a decision heavily influenced by the Commissioner's version of the facts and subsequent dismissal of [their] appeal." General Order No. 18 at 4. Accordingly, despite Boger's failure to file a brief, the ALJ's determination is reviewed to ensure that it is supported by substantial evidence and correct legal standards were applied. *See Miles*, 2008 WL 5191589, at *4.

Initially, the ALJ determined that Boger had not engaged in substantial gainful activity since the amended onset date of September 26, 2008.  (*See* Tr. at 10.)  At step two, Boger was found to have the following severe impairments: "mild osteoarthritis, myxoid degeneration of medial meniscus, right knee; bilateral carpal tunnel syndrome; right middle finger,

4

status post release; mild/minimal lumbar degenerative disc disease; and obesity." (*Id.*) Boger's fibromyalgia, osteopenia, GERD, asthma, PCOS status post remote hysterectomy, irritable bowel issues and MS-related symptoms were also considered, but found to interfere only minimally with her "ability to engage in basic work activities." (*Id.* at 11.) Additionally, following an extensive factual analysis, the ALJ further determined that she did not have any severe mental impairment. (*See id.*) At step three, Boger's impairments, alone or taken together, were found not to meet or medically equal a listed impairment. (*See id.* at 12.)

Before proceeding to step four, the ALJ undertook a lengthy exploration of the record in arriving at Boger's residual functional capacity (RFC), ultimately finding that she could "perform a range of sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a)."[3] (*Id.*) Based

---

[3] Specifically, the ALJ found:

> The claimant can lift and/or carry 5 pounds frequently and 10 pounds occasionally. She can sit up for 6 hours in an 8-hour workday. She can stand and/or walk on a combined basis no more than 2 hours in an 8-hour workday. She can occasionally balance, stoop, crouch, kneel, crawl, and climb ramps/stairs. She cannot climb ladders/ropes/scaffolds. The claimant can occasionally reach overhead. She can bilaterally handle and finger frequently, but not

5

upon that finding, and the testimony of a vocational expert, the ALJ determined that Boger was capable of performing her past relevant work as a telemarketer, and, as such, was not disabled during the relevant time period. (*See id.* at 18-19.)

Upon a thorough review of the record, the court finds that the ALJ correctly applied the relevant legal standards, and that his determination is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Boger's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this

---

constantly. Environmentally, she can tolerate no more than occasional exposure to extreme cold, high humidity and wetness; and respiratory irritants. She cannot be expected to work safely at unprotected heights or around dangerous moving machinery. The claimant also requires the ability to sit and/or stand at will, but with no greater frequency than 30 minutes in one position or the other.

(*Id.* at 12-13.)

Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 8, 2012
Albany, New York